UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMPASS BANK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:10-cv-1938 |
| § | |
| VILLAGES OF NORTHPOINTE-WEST, § | |
| L.P., RAMI AMIR, RON ALIEZER, and § | |
| BONNER HOMES, LP, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Compass Bank's Motion for Partial Summary Judgment (Doc. No. 14) and Defendants' Motion Pursuant to Chapter 51 of the Texas Property Code (Doc. No. 15). Upon considering the motion, all responses thereto, and the applicable law, the Court finds that the Motion for Partial Summary Judgment must be granted in part and denied in part and the Motion Pursuant to Chapter 51 of the Texas Property Code must be granted.

### I. BACKGROUND

This is a breach of contract case arising out of the failure of Villages of Northpointe-West, L.P. ("Villages"), Rami Amir ("Amir"), Ron Aliezer ("Aliezer"), and Bonner Homes, LP ("Bonner") (collectively, "Defendants") to pay sums due under various promissory notes, real estate lien notes, and guaranty agreements. We set forth the following undisputed facts.

#### A. Villages Note

Compass Bank is the successor-in-interest to Texas State Bank. (Tab 22 to Affidavit of Gregory Manuel ("Manuel Aff.")) Defendant Villages and Texas State Bank entered into a Development Loan Agreement dated June 14, 2004, pursuant to which Texas State Bank agreed to

lend Villages fourteen million eight hundred fifty thousand dollars ($14,850,000.00) (the "Villages Loan"). (Manuel Aff. Tab 1.) The Villages Loan is evidenced by a promissory note in the original principal amount of fourteen million eight hundred fifty thousand dollars ($14,850,000.00), dated June 14, 2004, executed by Villages in favor of Texas State Bank. (Manuel Aff. Tab 2.) The Villages Loan was subsequently renewed, extended, and increased to nineteen million dollars ($19,000,000.00) by a Modification Agreement executed by Villages on or about September 7, 2006, and recorded as Harris County Clerk's File No. 20060042465 and the First Amendment to Development Loan Agreement of the same date. (Manuel Aff. Tabs 3, 4.) The Villages Loan and original promissory note, together with all renewals, extensions, and modifications are referred to as the "Villages Note." As security for the Villages Note, Villages executed a Deed of Trust, dated June 14, 2004, in favor of Texas State Bank and recorded as file number X720188 in the Official Public Records of Real Property of Harris County, Texas. (Manuel Aff. Tab 5.) In connection with the Villages Note, Aliezer and Amir each executed two Unlimited Continuing Guaranty Agreements (the "Villages Guaranties"). (Manuel Aff. Tab 6.) Pursuant to the Villages Guaranties, Amir and Aliezer agreed irrevocably and unconditionally to guarantee payment and performance of Villages' indebtedness to Compass Bank as primary obligors. (*Id.*)

The Villages Note matured and Villages failed to pay all sums due and owing under the Villages Note. (Manuel Aff. at 2.) Compass Bank made demand upon Villages, Amir, and Aliezer, but they failed to pay the indebtedness due and owing. (*Id.*) Compass Bank appointed a substitute trustee and served, mailed, and posted a Notice of Substitute Trustee's Sale noticing a non-judicial foreclosure sale for March 2, 2010. (Doc. No. 14 Ex. D.) The nonjudicial foreclosure sale was performed pursuant to Section 51.002 of the Texas Property Code and the Deed of Trust. The property was sold to Compass Bank at a public foreclosure sale on March 2, 2010, for six million

two thousand five hundred dollars ($6,002,500.00). (*Id.*) A subsequent non-judicial foreclosure sale was held on March 1, 2011 pursuant to the Deed of Trust. (Doc. No. 14 Ex. E.) Remaining property that had not been previously foreclosed upon was sold to Compass Bank at this subsequent foreclosure sale for two thousand five hundred dollars ($2,500.00). (*Id.*) Two Substitute Trustee's Deeds were properly recorded as file numbers 20100080911 and 20110084426 in the Official Public Records of Real Property of Harris County, Texas. (Doc. No. 14 Exs. D, E.) Compass Bank made a demand upon Villages, Amir, and Aliezer on May 19, 2006 for the deficiency owed to Compass Bank on the Villages Note. (Affidavit of Aaron E. Homer ("Homer Aff.") Tab 1.) Villages, Amir and Aliezer have not paid the amounts due and owing under the Villages Note and the Villages Guaranties.

### B. Bonner Contracts

#### 1. First Bonner Note

Bonner and Compass Bank are parties to a Real Estate Lien Note in the original principal amount of nine hundred sixty thousand dollars ($960,000.00) dated February 28, 2006, executed by Bonner Homes, LP, in favor of Compass Bank (the "First Bonner Loan"). (Manuel Aff. Tab 8.) The First Bonner Loan was subsequently renewed, extended, and increased to one million one hundred sixty-one thousand eighty dollars ($1,161,080.00) by a Change in Terms Agreement dated March 30, 2007, a Renewal and Extension Real Estate Lien Note dated July 30, 2007, a second Change in Terms Agreement dated May 27, 2008, and a Business Loan Agreement dated May 27, 2008. (Manuel Aff. Tab 9, 10, 11.) The First Bonner Loan, together with all changes in terms, renewals, extensions, modification agreements and business loan agreements are collectively referred to as the "First Bonner Note." Compass Bank is the legal owner and holder of the First Bonner Note. As security for the First Bonner Note, Bonner executed a Deed of Trust dated February 28, 2006, in

favor of Compass Bank (the "First Bonner Deed of Trust") and recorded as file number Z126845 in the Official Public Records of Real Property of Harris County, Texas.[1] (Manuel Aff. Tab 12.) In connection with the First Bonner Note, Aliezer and Amir each executed four Unlimited Continuing Guaranty Agreements (the "Bonner Guaranties"). (Manuel Aff. Tab 15.) Pursuant to the Bonner Guaranties, Amir and Aliezer agreed to irrevocably and unconditionally guarantee payment and performance of Bonner's indebtedness to Compass Bank as primary obligors. (*Id.*)

The First Bonner Note matured and Bonner failed to pay all sums due and owing under the First Bonner Note. (Manuel Aff. at 2.) Compass Bank made demand upon Bonner, Amir and Aliezer, but they failed to pay the indebtedness due and owing. (*Id.*) Compass Bank appointed a substitute trustee and served, mailed, and posted a Notice of Substitute Trustee's Sale noticing a non-judicial foreclosure sale for February 2, 2010. (Doc. No. 14 Ex. B.) The non-judicial foreclosure sale was performed pursuant to Section 51.002 of the Texas Property Code and the Deed of Trust. (*Id.*) The property was sold to Compass Bank at a public foreclosure sale on February 2, 2010, for two hundred fifty-four thousand six hundred twenty five dollars ($254,625.00). (*Id.*) A Substitute Trustee's Deed was properly recorded as file number 20100042707 in the Official Public Records of Real Property of Harris County, Texas (*Id.*). Pursuant to the First Bonner Note and Bonner Guaranties, Compass Bank made a demand upon Bonner, Amir, and Aliezer on May 19, 2010, for the deficiency owed to Compass Bank. (Homer Aff. Tab 2.) Bonner, Amir, and Aliezer have not paid the amounts due and owing under the First Bonner Note and the Bonner Guaranties.

### 2. Second Bonner Note

---

[1] The original deed of trust was modified by a Modification to Deed of Trust dated March 30, 2007, recorded as Harris County Clerk's File No. 20070250402, as well as a Modification to Deed of Trust dated May 27, 2008, recorded as Harris County Clerk's File No. 20080310200. (Manuel Aff. Tabs 13, 14.)

4

Bonner and Compass Bank are parties to a Construction Loan Agreement dated September 25, 2007, pursuant to which Compass Bank made available to Bonner a line of credit in an aggregate principal amount of up to one million six hundred twelve thousand dollars ($1,612,000.00) (the "Second Bonner Loan"). (Manuel Aff. Tab 16.) The Second Bonner Loan is evidenced by a Real Estate Lien Note in the original principal amount of one million six hundred twelve thousand dollars ($1,612,000.00), dated September 25, 2007, executed by Bonner in favor of Compass Bank. (Manuel Aff. Tab 17.) The Second Bonner Loan was subsequently renewed, extended, and decreased to one million two hundred thirty-seven thousand five hundred dollars ($1,237,500.00). The Second Bonner Loan and original real estate lien note, together with all change in terms, renewals, extensions, and modification agreements are collectively referred to as the "Second Bonner Note." Compass Bank is the legal owner and holder of the Second Bonner Note. As security for the Second Bonner Note, Bonner executed a Deed of Trust dated September 25, 2007, in favor of Compass Bank (the "Second Bonner Deed of Trust") and properly recorded as file number 20070608095 in the Official Public Records of Real Property of Harris County, Texas. (Manuel Aff. Tab 18.) The Second Bonner Note was further secured by the Bonner Guaranties (Manuel Aff. Tab 15.)

The Second Bonner Note matured, and Bonner failed to pay all sums due and owing under the Second Bonner Note. (Manuel Aff. at 2.) Compass Bank made demand upon Bonner, Amir, and Aliezer, but they failed to pay the indebtedness due and owing. (Manuel Aff. at 2.) Compass Bank appointed a substitute trustee and served, mailed and posted a Notice of Substitute Trustee's Sale noticing a non-judicial foreclosure sale for February 2, 2010. (Doc. No. 14 Ex. C.) The non-judicial foreclosure sale was performed pursuant to Section 51.002 of the Texas Property Code and the Second Deed of Trust. (*Id.*) The property was sold to Compass Bank at a public foreclosure sale on

February 2, 2010, for four hundred forty-eight thousand six hundred sixty-five dollars ($448,665.00). (*Id.*) A Substitute Trustee's Deed was properly recorded as file number 20100042708 in the Official Public Records of Real Property of Harris County, Texas. (*Id.*) Compass Bank made a demand upon Bonner, Amir and Aliezer on May, 19, 2010, for the deficiency owed to Compass Bank. (Homer Aff. Tab 2.) Bonner, Amir, and Aliezer have not paid the amounts due and owing under the Second Bonner Note and the Bonner Guaranties.

### 3. Third Bonner Note

Bonner and Compass Bank are parties to a Construction Loan Agreement dated July 21, 2008, pursuant to which Compass Bank made available to Bonner a line of credit in an aggregate principal amount of up to two hundred twenty-four thousand dollars ($224,000.00) (the "Third Bonner Loan"). (Manuel Aff. Tab 19.) The Third Bonner Loan is evidenced by a Real Estate Lien Note in the original principal amount of two hundred twenty-four thousand dollars ($224,000.00) dated July 21, 2008, executed by Bonner Homes, LP, in favor of Compass Bank. (Manuel Aff. Tab 20.) The Third Bonner Loan and the original real estate lien note are collectively referred to as the "Third Bonner Note." Compass Bank is the legal owner and holder of the Third Bonner Note. As security for the Third Bonner Note, Bonner executed a Deed of Trust dated July 21, 2008, in favor of Compass Bank (the "Third Bonner Deed of Trust") and recorded as document number 20080396539 in the Official Public Records of Real Property of Harris County, Texas. (Manuel Aff. Tab 21.) The Third Bonner Note was further secured by the Bonner Guaranties. (Manuel Aff. Tab 15.)

The Third Bonner Note matured, and Bonner failed to pay all sums due and owing under the Third Bonner Note. (Manuel Aff. at 2.) Compass Bank made demand upon Bonner, Amir, and Aliezer, but they failed to pay the indebtedness due and owing. (*Id.*) Demand was made upon

Bonner, Amir, and Aliezer on May 19, 2010, for the indebtedness owed to Compass Bank. (Homer Aff. Tab 2.) Bonner, Amir, and Aliezer have not paid the amounts due and owing under the Third Bonner Note and the Bonner Guaranties.

Compass Bank subsequently filed suit against Defendants for breach of contract pursuant to the Villages Note, the First Bonner Note, the Second Bonner Note, the Third Bonner Note, the Villages Guaranties and the Bonner Guaranties. Compass Bank has now filed a motion for partial summary judgment to obtain judgment on its breach of contract claims against Defendants. Defendants have responded and also filed a motion pursuant to Chapter 51 of the Texas Property Code to seek a determination of the fair market value of the properties sold at the foreclosure sale as of the date of the foreclosure and to obtain an offset in the amount by which the fair market value of the properties exceeded the sale price at the foreclosure. The motions are ripe for disposition.

**II.     LEGAL STANDARD**

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997). If the movant meets this burden, then the nonmovant is required to go beyond its pleadings and

designate, by competent summary judgment evidence, the specific facts showing that there is a genuine issue for trial. *Id.* The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*. Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts.'" (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III. ANALYSIS

Compass Bank moves for summary judgment on its breach of contract claims against Defendants. Defendants do not dispute that that they are liable for amounts due and owing under these various notes and guaranties. (Def. Resp. to Mot. Summ. J. at 1-2.) However, Defendants do dispute the amount of indebtedness owing under these agreements and seek a determination of fair market value and an offset pursuant to Texas Property Code Chapter 51. (*Id.*)

### A. Breach of Contract

#### 1. Promissory Notes

To recover on a promissory note, the plaintiff must prove: (1) the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. *See Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no pet.). Absent controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983).

Compass Bank has established the first three elements of recovery under the Villages Note, the First Bonner Note, the Second Bonner Note, and the Third Bonner Note. It has submitted proper summary judgment evidence in the form of an affidavit of Gregory Manuel ("Manuel"), copies of the various agreements making up the Villages Note, the First Bonner Note, the Second Bonner Note, and the Third Bonner Note to establish that these notes exist, that the notes were signed by Compass Bank, Villages, and Bonner, and that Compass Bank is the owner and holder of the note. Defendants do not contest the summary judgment evidence as it pertains to the first three elements of recovery under the promissory notes.

However, Defendants contend that genuine issues of material fact exist with respect to the last element—proof that a certain balance is due and owing on the promissory notes. With respect to the Villages Note, the summary judgment evidence in the record shows that the original principal amount of the Villages Note was nineteen million dollars. The property used to secure the Villages Note was sold at a foreclosure sale on March 2, 2010 for six million two thousand five hundred dollars ($6,002,500.00). (*Id.*) A subsequent non-judicial foreclosure sale on March 1, 2011 sold the remaining property used to secure the Villages Note for two thousand five hundred dollars ($2,500.00). (*Id.*) Therefore, the total amount realized by Compass Bank as a result of the foreclosure sales was six million five thousand dollars ($6,005,000.00). On May 19, 2010, Compass Bank made a demand upon Villages, Amir and Aliezier for an alleged deficiency under the Villages Note and the Villages Guaranties of at least eight million one hundred nineteen thousand one hundred sixty-three dollars and sixty-five cents ($8,119,163.65), which, according to the affidavit of Manuel, is the balance due and owing on the note. (Manuel Aff.; Doc. No. 14, Tab 1.)

Defendants contest the $8,119,163,65 figure as the amount due and owing on the Villages Note. They submit the bank statement issued by Compass Bank for transactions related to the

9

Villages Note in March 2010 (the "March Bank Statement"). (Declaration of Ohad Yannay ("Yannay Decl."), Tab A.) The March Bank Statement states that the balance on the Villages Note just prior to the March 2, 2010 foreclosure sale was thirteen million ninety-nine thousand nine hundred seventy-three dollars and fifty-six cents ($13,099,973.56). (*Id.*) The March Bank Statement also states that, after the foreclosure sale, the balance on the Villages Note was six million two hundred seventy-eight thousand four hundred sixty-six dollars and twenty-three cents ($6,278,466.23). (*Id.*) However, Compass Bank's May 19, 2010 demand upon Villages, Amir and Aliezer for $8,119,163,65 was almost two million dollars higher than the $6,278,466.23 post-foreclosure balance reflected on the March Bank Statement. Compass Bank has not offered an explanation of the discrepancy between the post-foreclosure balance on the March Bank Statement and the amount of the May 19, 2010 demand.

We find that Defendants have raised a genuine issue of material fact as to the amount of indebtedness on the Villages Note after the foreclosure sale of the properties used to secure the Villages Note. Defendants have proffered summary judgment evidence indicating that the amount of indebtedness under the Villages Note is lower than the amount demanded by Compass Bank on May 19, 2010. In addition, Compass Bank has not established that it deducted the $2500.00 amount it realized from the March 1, 2011 foreclosure sale from the demand amount. Thus, we deny summary judgment to Compass Bank regarding the issue of whether "a certain balance is due and owing" on the Villages Note.

As for the First Bonner Note, the Second Bonner Note, and the Third Bonner Note, the uncontested summary judgment evidence shows that the lines of credit on these notes were in amounts of up to $1,161,080.00, $1,237,500.00, and $224,000.00, respectively. The property used to secure the First Bonner Note was sold at a foreclosure sale on February 2, 2010 for $254,625.00.

The property used to secure the Second Bonner Note was sold at a foreclosure sale on February 2, 2010 for $448,665.00. Therefore, the total amount realized by Compass Bank as a result of the foreclosure sales was seven hundred three thousand two hundred ninety dollars ($703,290.00). On May 19, 2010, Compass Bank made a demand upon Bonner, Amir and Aliezer for an alleged deficiency under the First Bonner Note, Second Bonner Note, Third Bonner Note, and Bonner Guaranties of at least nine hundred eighty-seven thousand six hundred thirty-two dollars and sixty-three cents ($987,632.63). (Doc. No. 14, Tab 2.) Though Bonner, Amir and Aliezer contest the $987,632.63 figure as the amount due and owing under the First Bonner Note, the Second Bonner Note, and the Third Bonner Note, they have not submitted any competent evidence to challenge Compass Bank's identification of this amount as the amount of indebtedness. Their theories regarding the amount of the balance owing on these promissory notes does not constitute evidence that can raise a genuine issue of material fact. Therefore, we grant summary judgment to Compass Bank on the issue of whether "a certain balance is due and owing" on the First Bonner Note, Second Bonner Note and Third Bonner Note.

In sum, we grant summary judgment to Compass Bank on the liability of Bonner, Amir and Aliezer for breach of the First Bonner Note, the Second Bonner Note, and the Third Bonner Note and find that Compass Bank is entitled to recover under these notes. With respect to the Villages Note, we grant summary judgment to Compass Bank on the following issues: (1) the Villages Note is the note in question, (2) Villages signed the Villages Note, and (3) Compass Bank is the owner and holder of the Villages Note. However, we deny summary judgment to Compass Bank on the issue of whether a certain balance is due and owing on the Villages Note.

### 2. Guaranty Agreements

To recover on a guaranty agreement, the plaintiff must prove: (1) the existence and ownership of the guaranty contract; (2) the performance of the terms of the underlying contract by the plaintiff; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. *See FDIC v. Attayi*, 745 S.W.2d 939, 948 (Tex. App.—Houston 1988, no pet.). Compass Bank has proffered uncontested summary judgment evidence in the form of Manuel's affidavit and the guaranty agreements themselves that the Villages Guaranties and the Bonner Guaranties exist and are owned by Compass Bank. Manuel's uncontested affidavit, as well as the various promissory notes at issue, establish that Compass Bank performed its obligations under the Villages Guaranties and the Bonner Guaranties. Finally, Manuel's uncontested affidavit and Amir's and Aliezer's admissions in their Answer establish that Villages and Bonner defaulted on their respective promissory notes and that Amir and Aliezer failed to pay the resulting amounts due under the Villages Guaranties and the Bonner Guaranties. The Court finds that there exists no genuine issue of material fact with respect to Amir's and Aliezer's liability for breach of the Villages Guaranties and the Bonner Guaranties. Compass Bank is entitled to summary judgment on the issue of Amir's and Aliezer's liability for breach of the Villages Guaranties and the Bonner Guaranties and is entitled to recover against Amir and Aliezer under these agreements.

### B. Offset and Determination of Fair Market Value

Defendants have moved for a determination of the properties' fair market value as of the date of the foreclosure sale so as to obtain an offset of the indebtedness in the amount that the fair market value of the properties exceeds the foreclosure sale price. Compass Bank has not opposed Defendants' motion for an offset and determination of fair market value under Chapter 51 of the Texas Property Code. The relevant portion of the statute states:

> § 51.003. Deficiency Judgment
>
> (a) If the price at which real property is sold at a foreclosure sale under Section 51.002 is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.
> (b) Any person against whom such a recovery is sought by motion may request that the court in which the action is pending determine the fair market value of the real property as of the date of the foreclosure sale. The fair market value shall be determined by the finder of fact after the introduction by the parties of competent evidence of the value. Competent evidence of value may include, but is not limited to, the following: (1) expert opinion testimony; (2) comparable sales; (3) anticipated marketing time and holding costs; (4) cost of sale; and (5) the necessity and amount of any discount to be applied to the future sales price or the cashflow generated by the property to arrive at a current fair market value.
> (c) If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure, exceeds the sale price. If no party requests the determination of fair market value or if such a request is made and no competent evidence of fair market value is introduced, the sale price at the foreclosure sale shall be used to compute the deficiency.

Tex. Prop. Code § 51.003 (2011).

Here, the property used to secure the Villages Note, the First Bonner Note, the Second Bonner Note, and the Third Bonner Note was sold at non-judicial foreclosure sales pursuant to Section 51.002 of the Texas Property Code. The price at which the property was sold was less than the unpaid balance of these promissory notes, resulting in a deficiency. Compass Bank has brought an action to recovery the deficiency within two years of the foreclosure sales. Thus, this action is governed by Texas Property Code § 51.003.

Defendants have now moved, under § 51.003(b), for a determination of the fair market value of the property as of the date of the foreclosure sale. Under § 51.003, Defendants are entitled to obtain this determination from the Court. Compass Bank does not contest Defendants' motion for a determination of fair market value. Thus, we will grant Defendants' motion for a determination of

the fair market value of the property as of the date of the foreclosure. This determination will be based on evidence that the parties should be prepared to introduce at the bench trial currently set for August 29, 2011 at 9:00 a.m.

### IV. CONCLUSION

Compass Bank's Motion for Partial Summary Judgment (Doc. No. 14) is **GRANTED IN PART** and **DENIED IN PART**: Compass Bank is granted summary judgment on its claim against Amir and Aliezer for breach of the Villages Guaranties and the Bonner Guaranties. Compass Bank is granted summary judgment on its claim against Bonner, Amir and Aliezer for breach of the First Bonner Note, the Second Bonner Note, and the Third Bonner Note. Compass Bank is granted summary judgment on the following issues with respect to its claim for breach of the Villages Note: (1) the Villages Note is the note in question, (2) Villages signed the Villages Note, and (3) Compass Bank is the owner and holder of the Villages Note. Compass Bank is denied summary judgment on the issue of whether a certain balance is due and owing on the Villages Note. Defendants' Motion Pursuant to Chapter 51 of the Texas Property Code (Doc. No. 15) is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** this the 27th day of July, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

14